# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NOSTROMO LLC, | Case No. 2:25-cv- |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| STARBUCKS CORPORATION, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nostromo LLC ("Nostromo" or "Plaintiff") for its Complaint against Defendant Starbucks Corporation ("Starbucks" or "Defendant") for patent infringement alleges as follows:

## THE PARTIES

1. Nostromo is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 160, Marshall, TX 75670.

2. Defendant Starbucks is a corporation organized and existing under the laws of Washington, with one or more regular and established places of business in this District at least at 100 East End Boulevard North, Marshall, Texas 75672; 707 West Marshall Avenue, Longview, Texas 75601; 3073 North Eastman Road, Longview, Texas 75605; and 5533 Old Lebanon Road, Frisco, Texas 75034. Starbucks may be served with process through its registered agent, Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Upon information and belief, Starbucks does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has multiple regular and established places of business in this Judicial District, including at least those located at 100 East End Boulevard North, Marshall, Texas 75672; 707 West Marshall Avenue, Longview, Texas 75601; 3073 North Eastman Road, Longview, Texas 75605; and 5533 Old Lebanon Road, Frisco, Texas 75034, has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District. Further, upon information and belief, the Defendant has admitted or not contested proper venue in this Judicial District in other patent infringement actions. *See, e.g., Analytical Technologies, LLC v. Starbucks Corporation*, Case No. 2:24-cv-00448-JRG-RSP, Dkt. 5 (E.D. Tex. July 24, 2024).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least due to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting

2

business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENT-IN-SUIT

7. On October 15, 2013, the United State Patent and Trademark Office duly and legally issued U.S. Patent No. 8,559,970 (the "'970 Patent") entitled "Method for Providing Location-Based Services, Location-Based Information Services Systems, and Portable Electronic Device". A true and correct copy of the '970 Patent is available at: https://patentimages.storage.googleapis.com/65/ea/2c/35ce607a1a84ab/US8559970.pdf.

8. Nostromo is the sole and exclusive owner of all right, title, and interest in the '970 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Nostromo also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

9. Nostromo has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

10. The '970 Patent general relates to technology for providing location-based information service to a portable device. The technology described in the '970 Patent was developed by inventor Yung-Chao Lee. For example, the technology of the '970 Patent is implemented products that provide location-based services to a portable device, such as the through the use of geofencing and location-based technologies for sending notifications to mobile applications on the mobile devices of customers and end-users regarding coupons, rewards, deals,

sales, discounts, order statuses, and other information related to Defendant's business with its customers and end-users.

11. Defendant has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patent-in-Suit.

## COUNT I
### (Infringement of the '970 Patent)

12. Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13. Nostromo has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '970 Patent.

14. Defendant has and continues to directly infringe the '970 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '970 Patent. Such products include Starbucks' digital fencing and/or geofencing applications, including, but not limited to, Starbucks Mobile Application.

15. For example, Defendant has and continues to directly infringe at least claim 1 of the '970 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include the Starbucks Mobile Application.

16. For example, the Starbucks Mobile Application performs a method for providing location-based information services to a portable electronic device (e.g., on a mobile device through the Starbucks Mobile Application or other related applications). The Starbucks Mobile Application performs the step of providing an information platform (e.g., the Starbucks Mobile Application and associated servers where the user registers all devices) and a user preference

settings database (e.g., Starbucks Mobile Application related servers/databases) for respectively receiving and recording preference settings for categories of information and location range from a user of the portable electronic device.

17. The Starbucks Mobile Application performs the step of setting and storing in a condition database at least one condition (e.g., custom alerts) for triggering information services provision to the portable electronic device (e.g., mobile device).

18. The Starbucks Mobile Application performs the step of receiving positioning information that includes a location of the portable electronic device by having a positioning module (e.g., geofencing receives mobile device positioning data through at least, but not limited to, positioning modules in the mobile device).

19. The Starbucks Mobile Application performs the step of determining through use of a condition module whether the at least one condition for triggering information services provision stored in the condition database (e.g., Starbucks Mobile Application related servers/databases) has been met, and when the condition has been met (e.g., the geofence has been crossed), selecting location information from a location information database (e.g., Starbucks store location) in accordance with the positioning information (e.g., real time location of a mobile device) and the preference settings for categories of information and location range and transmitting the selected location information to the portable electronic device.



20. For example, through the Starbucks Mobile Application, customers and end-users can receive alerts regarding at least deals, promotions, and order statuses.

---

[1] https://localiq.com/blog/geofencing-examples/.



21.     Defendant has and continues to indirectly infringe one or more claims of the '970 Patent by knowingly and intentionally inducing others, including Starbucks customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include the infringing

---

[2] https://localiq.com/blog/geofencing-examples/.

technology.

22.     Defendant, with knowledge that these products, or the use thereof, infringe the '970 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '970 Patent by providing these products to end-users for use in an infringing manner. Additionally, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '970 Patent at least as early as the issuance of the '970 Patent.

23.     Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '970 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.[3]

24.     Plaintiff has suffered damages as a result of Defendant's direct and indirect infringement of the '970 Patent in an amount to be proven at trial.

25.     Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '970 Patent, for which there is no adequate remedy at law, unless

---

[3] *See, e.g.,* https://app.starbucks.com/.

Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Nostromo prays for relief against Defendant as follows:

a.      Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

c.      An order awarding damages sufficient to compensate Nostromo for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding Nostromo its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      Such other and further relief as the Court deems just and proper.

Dated: June 6, 2025                                                      Respectfully submitted,

                                                                      */s/ Vincent J. Rubino, III*
                                                                      Alfred R. Fabricant
                                                                      NY Bar No. 2219392
                                                                      Email: ffabricant@fabricantllp.com
                                                                      Peter Lambrianakos
                                                                      NY Bar No. 2894392
                                                                      Email: plambrianakos@fabricantllp.com
                                                                      Vincent J. Rubino, III
                                                                      NY Bar No. 4557435
                                                                      Email: vrubino@fabricantllp.com
                                                                      **FABRICANT LLP**

411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF, NOSTROMO LLC***